UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                        :

SECURITIES AND EXCHANGE        :     04 Civ. 10139 (RJH)
COMMISSION,                                  :

                        Plaintiff,          :
                                        :     **MEMORANDUM**
              -against-             :     **<u>OPINION AND ORDER</u>**

RAFAEL PINCHAS,                    :

                      Defendant.        :

------------------------------------------------------------x

        Plaintiff Securities and Exchange Commission ("SEC" and "Commission") applies to this Court under Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. 78u(e)(1) (2000), for an order commanding defendant Rafael Pinchas's compliance with a final SEC order entered against him on December 21, 1999. The order sustained a fine imposed by the National Association of Securities Dealers ("NASD") for Pinchas's violations of NASD rules. Despite the summary nature of these proceedings, Defendant has asserted counterclaims alleging defamation and other harms. He asks the Court to deny plaintiff's application, to set aside the final administrative decision of the SEC affirming the NASD fine, and to award defendant damages for the putative harms caused by the SEC. The SEC has moved for entry of judgment on its application and has also moved to dismiss defendant's counterclaims. For the reasons stated below, the SEC's motion is granted in all respects.

**Background**

        Defendant registered with the NASD as a general securities representative in June 1984, working at various investment firms in subsequent years. (Application at 2.) On June 2, 1997,

the NASD's Business Conduct Committee imposed censure and a $219,821 fine on defendant following a finding that, with respect to two clients, he had misappropriated funds, engaged in excessive equity trading, and made unsuitable investment recommendations. (*Id.* at 4-5.) Defendant appealed this decision to the National Adjudicatory Council of NASD Regulation (NAC). (*Id.* at 5.) Following the NAC's affirmation of the decision on June 12, 1998, he then appealed to the SEC. (*Id.*)

On September 1, 1999, the SEC issued an opinion that sustained the imposition of a fine and censure, but reduced the fine to $199,821, as it found insufficient evidence to support the charge of misappropriation. (*Id.* at 6; *see also* Ex. 1 to Application.) In a short subsequent opinion, the SEC denied defendant's request for reconsideration of its earlier decision on December 21, 1999. (Ex. 1 to Application.) Though defendant had a right of appeal to the United States Court of Appeals for the Second Circuit, *see* 15 U.S.C. 78y(a)(1), he did not pursue such an appeal. It is not disputed that defendant has made no payments towards the $199,821 he owes to the NASD. (December 13, 2004 Declaration of Zita Tepie.)

**Discussion**

Section 21(e) of the Exchange Act authorizes the SEC to move the Court for enforcement of its orders relating to disciplinary actions first initiated by self-regulatory organizations such as the NASD. It provides: "Upon application of the Commission, the district courts of the United States ... shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding (1) any person to comply with the provisions of this chapter, the rules, regulations, and orders thereunder. . ." 15 U.S.C. § 78u(e) (2000); *see also SEC v. Vittor,* 323 F.3d 930 (11th Cir. 2003) (section 21(e) authorizes to SEC to enforce its orders sustaining NASD fines and restitution orders, notwithstanding other provisions of Exchange Act); *S.E.C. v. McCarthy*, 322 F.3d 650,

655, 659 (9th Cir. 2003) (section 21(e) of the Exchange Act authorizes the use of summary proceedings to enforce SEC orders affirming NASD disciplinary sanctions); *Lang v. French*, 154 F.3d 217, 222 (5th Cir. 1998) ("[T]he Exchange Act …explicitly provides for district court jurisdiction over actions brought to enforce SEC-ordered sanctions [and thus it] … endows district courts with … enforcement authority [over the] SEC's affirmance, by order, of sanctions imposed by the NASD.")

To the extent defendant asks the Court to reconsider the propriety of the disciplinary action taken by the SEC and NASD, such re-examination is precluded by the administrative regime explicitly mandated by Congress. 15 U.S.C. § 78y(a) (2000). "[F]inal orders of the Commission are reviewable only in the United States Courts of Appeals." *Mister Discount Stockbrokers, Inc. v. S.E.C.*, 768 F.2d 875, 876 (7th Cir. 1985); *see also Swirsky v. National Ass'n of Securities Dealers*, 124 F.3d 59, 61 (1st Cir. 1997) (noting that the "Exchange Act mandates a three-tiered process of both administrative and judicial review of NASD disciplinary proceedings," from the NASD to the SEC to the Courts of Appeals, and affirming district court's dismissal of a disciplined broker's federal court complaint as an impermissible collateral attack on an adverse SEC decision that should have been appealed to federal circuit court.)

Defendant presents only one defense to this summary proceeding that does not go to the underlying merits of the SEC's adjudication of his liability for sanctions. He argues that enforcement of the fine is barred by the statute of limitations appearing at 28 U.S.C. § 2462, which provides that, "[e]xcept as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon." Even if the Court were to assume that this

3

bar applied to summary proceedings such as these,[1] plaintiff's action is timely, as the SEC issued its final order denying reconsideration of its findings on December 21, 1999, and this action was filed on December 17, 2004.

Any consideration of defendant's counterclaims here is barred by statute. Section 21(g) of the Exchange Act provides that "[n]otwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission." 15 U.S.C. 78u(g); *see also Parklane Hosiery Co. Inc. v. Shore*, 439 U.S. 322, 332 n.17 (1979) ("[C]onsolidation of a private action with one brought by the SEC without its consent is prohibited by statute."); *S.E.C. v. McCaskey*, 56 F. Supp. 2d 323, 325 (S.D.N.Y. 1999) ("The purpose of 15 U.S.C. § 78u(g) is to ensure speedy resolution of SEC enforcement actions, and it has routinely been employed to dismiss … counterclaims because such additional claims protract litigation") (citations omitted); *S.E.C. v. Electronics Warehouse, Inc.*, 689 F. Supp. 53, 71-72 (D. Conn. 1988), *aff'd sub nom.*,

---

[1] *Cf. Capozzi v. U.S.*, 980 F.2d 872, 874, 874 n.1 (2d Cir. 1992) (noting inapplicability of Section 2462 and holding that "by its terms section 2462 … implicate[s] some adversarial adjudication, be it administrative or judicial … An assessment of a penalty (or tax), however, is … merely the determination of the amount of the penalty and the official recording of the liability … Appellant contends that an assessment commences a proceeding and is analogous to the filing of an administrative complaint. The analogy is inapt. An administrative complaint serves to notify the parties that litigation regarding liability is about to begin. The complaint initiates adjudication. An assessment, however, is a determination of liability. Subsequent actions seeking collection or refund may be brought but they would be collateral proceedings based on the IRS's determination that monies were owing."); *U.S. Dept. of Labor v. Old Ben Coal Co.*, 676 F.2d 259, 261 (7th Cir. 1982) (denying applicability of 2642 to action in district court to collect administratively imposed fine, and holding that the "action is akin to a collection proceeding. For this reason, [Section 2462] has no application. [Defendant] is not prejudiced by our holding. The purposes behind a statute of limitations are to put the alleged violator on notice and to prevent the loss of evidence. The administrative proceeding fulfilled these purposes. [Defendant] was put on notice of its alleged violations, and a hearing was held at which both sides introduced evidence. [Defendant] cannot be heard to argue that its financial liability ceases because it sat back and failed to pay a properly assessed penalty.")

4

*S.E.C. v. Calvo*, 891 F.2d 457 (2d Cir. 1989) (Section 21(g) bars counterclaims). Thus, the equitable remedy sought by the SEC in this summary proceeding will prevent consideration of defendant's counterclaims.

Accordingly, plaintiff's motion to dismiss defendant's counterclaims [11] is GRANTED. It is hereby ORDERED that Rafael Pinchas must comply with the final SEC Order entered December 21, 1999 and pay the NASD the $199,821 fine assessed against him, plus interest running from December 21, 1999 until the date of payment in full. Interest should be calculated pursuant to 28 U.S.C. § 1961. Rafael Pinchas must file a written status report with the Clerk's Office of this Court every 60 days from the date of this Opinion and Order until he pays this fine in full.

SO ORDERED.

Dated: New York, New York
March 23, 2006

Richard J. Holwell
United States District Judge